[No. 17071.  Department Two.  July 8, 1922.]

LAKE UNION BRICK & FIREPROOFING COMPANY,
*Appellant,* v. A. M. MACWHINNIE,
*Respondent.*[1]

SALES (131)—REMEDIES OF SELLER—ISSUES AND PROOF.  A complaint is sufficient to allow proof of an agreement by the owner of premises to pay for building materials on the ground and in a partly completed building, sold and delivered to a contractor, as a new purchase by the owner, where the complaint alleges a sale to the defendant, a demand and refusal to pay.

FRAUDS, STATUTE OF (4)—DEBT OF ANOTHER—ORIGINAL PROMISE. An agreement by an owner to pay for building material sold and delivered to a contractor, is based on a sufficient consideration and is not an agreement to answer for the debt of another, where the contractor had died, the material was on the ground, and the owner was to be allowed to proceed immediately with the completion of the building.

APPEAL (418)—REVIEW—FINDINGS.  Where the evidence is conflicting and the trial judge was able to observe the demeanor and credibility of the witnesses, the supreme court cannot say that the evidence preponderates against the findings.

Appeal from a judgment of the superior court for King county, Neal, J., entered July 15, 1921, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*Kerr, McCord & Ivey,* for appellant.
*Roberts & Skeel,* for respondent.

HOLCOMB, J.—Appellant furnished materials consisting of tile, brick, lime, sand and cement to one Rutledge, a contractor, for the construction of a house for respondent, and not having been paid therefor by the contractor, brought a law action against respondent as

[1]Reported in 207 Pac. 1060.

the owner of the house constructed, as having purchased the materials.

The cause of action stated in the complaint, omitting certain formal matters not necessary to set out, is as follows:

"That in the month of August, 1920, plaintiff sold and delivered to the defendant building materials of the reasonable value of $834.55, which sum defendant agreed to pay; that said sum is long since past due and that demand has been made for the said sum, and the defendant has wholly failed, neglected and refused to pay the same or any part thereof."

Rutledge had contracted with the respondent in July, 1920, to build the house of tile and brick, for the sum of $1,700. On August 27, Rutledge was killed in an automobile accident.

Appellant claims that, after the death of Rutledge, respondent approached the president and manager of appellant, Mr. Englebrecht, and in the presence of three other persons, promised and agreed to pay for the amount of the materials that had been sold and delivered to Rutledge, all of which were on the ground, and some of which were in the building, and amounting to the sum stated in the complaint, if respondent might proceed immediately with the construction of the building himself. It is contended by appellant that the latter matter made a sufficient consideration for the independent promise of respondent; that it was sufficient to support an independent contract on the part of respondent to pay for the materials, and that the promise was overwhelmingly established by the evidence. It is further contended that the finding of fact by the court that the new and independent promise was not made by respondent is against the overwhelming preponderance of the evidence.

It is admitted by appellant that practically the entire controversy in this case is over the facts. The only errors assigned are as to whether or not the decision of the trial court was contrary to the evidence in the case, and assuming that the court erred in finding for the respondent on the facts as stated, whether or not he is entitled to a judgment as a matter of law. We agree with appellant, contrary to the contention of respondent, that the allegations of the complaint, hereinbefore set forth, are sufficient under which to prove a new purchase and original promise to pay, and under which the proofs furnished by appellant were admissible. We also agree with appellant that if there had been a new promise to pay on the part of respondent, after the default of his contractor, for all the materials theretofore furnished the contractor, based upon a sufficient consideration, it would not be a promise to answer for the debt, default or miscarriage of another, but an entirely original and independent undertaking, upon which recourse could be had against the promisor. Williston, Contracts, § 481.

But the trouble is, in this case the trial court found, notwithstanding there were more witnesses on behalf of appellant than on behalf of respondent, that the new and independent promise was not made by respondent. Appellant says respondent did no more than deny that the promise was made to appellant.

The record shows that respondent testified as to the details of his conversation with appellant and with the widow of Rutledge, the contractor, and does deny that he made any such promise as was testified to by them. He also testified to what was said to the contrary. Assuming, but not deciding, that there was sufficient consideration for a new promise, we are unable to conclude that the trial court erroneously found that no new and independent promise was made by

respondent to pay for the materials which had been furnished the contractor.

The trial court summed up the evidence at the conclusion of the trial and stated that, taking it all together, he was not satisfied that the evidence preponderated in favor of a subsequent agreement.

Since he had all of the witnesses before him, and was able to observe their demeanor and judge of their credibility, we are unable to say that the evidence preponderates against the finding of the trial court. That being the case, it is useless to discuss the legal question advanced by appellant.

Judgment affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.